**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-22649-GAYLES**

**ESVIN GEOVANNY**
**LOPEZ BARTOLO,**

      **Petitioner,**

**v.**

**TODD M. LYONS, et al.,**

      **Respondents.**

                          /

## ORDER TRANSFERRING CASE TO MIDDLE DISTRICT OF FLORIDA

**THIS CAUSE** comes before the Court upon a *sua sponte* review of Petition for Writ of Habeas Corpus (the "Petition"). [ECF No. 1]. Petitioner Esvin Geovanny Lopez Bartolo challenges his detention in the custody of U.S. Immigration and Customs Enforcement pursuant to 28 U.S.C. § 2241. *See generally id.* He states that he is detained at the Florida Soft Side South detention facility in Ochopee, *Id.* ¶¶ 2, 10, 15, which is located in Collier County, Florida.

Under § 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012) ("jurisdiction for § 2241 petitions lies only in the district of confinement"). If a petitioner files his case in the wrong district, the Court can *sua sponte* transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]").

- 2 -

Petitioner is detained at the Florida Soft Side South detention facility and challenges his confinement there. Thus, jurisdiction lies only in the Middle District of Florida. *See* 28 U.S.C. § 89(b) (providing that the Middle District of Florida includes Collier County).

Accordingly, it is **ORDERED AND ADJDUGED** that this case is **TRANSFERRED** to the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a) (provided that the Fort Myers Division comprises Collier County). The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE